IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VICTORINO VARA ALVAREZ<br><br>           Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | MEMORANDUM OPINION AND ORDER<br><br>Case No. 2:06 CV 275 TC |

      Petitioner Victorino Vara Alvarez pleaded guilty to a one-count indictment alleging a violation of 8 U.S.C. § 1326, Reentry of removed aliens. The court sentenced Mr. Alvarez to serve a prison term of seventy months. This matter is now before the court on Mr. Alvarez's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

      Mr. Alvarez nominally identifies three separate grounds upon which he claims his sentence should be vacated, set aside, or corrected, but each of those grounds implicates the effectiveness of his counsel. As a result, the court concludes that Mr. Alvarez's motion is properly treated as raising a claim of ineffective assistance of counsel and the court addresses the motion as such.

      The court recognizes that pro se litigants' pleadings should be construed more liberally than if counsel had drafted them. Haines v. Kerner, 404 U.S. 519, 520 (1972); Whitney v. State of N.M., 113 F.3d 1170, 1173–74 (10th Cir. 1997). But even under this more lenient standard, Mr. Alvarez's claim for relief lacks merit. Therefore, for the reasons more fully set forth below,

Mr. Alvarez's motion to vacate, set aside, or correct his sentence is DENIED.

**ANALYSIS**

To demonstrate ineffective assistance of counsel, "a petitioner must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency." James v. Gibson, 211 F.3d 543, 555 (10th Cir. 2000), cert. denied, 531 U.S. 1128 (2001) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The standard applies to sentencing proceedings and plea hearings as well as at trial. U.S. v. Glover, 97 F.3d 1345, 1349 (10th Cir. 1996). "Judicial scrutiny of counsel's performance is highly deferential." Id. To succeed on the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. There is a strong presumption that counsel provided effective assistance, and a § 2255 petitioner has the burden of proof to overcome that presumption. James, 211 F.3d at 555.

Mr. Alvarez contends that he received ineffective assistance of counsel because his attorney (1) failed to object when the court indicated that it would grant substantial weight to the sentencing guidelines, (2) failed to object to the post-arrest indictment, and (3) failed to object to the Presentence Report.

Mr. Alvarez has alleged no facts that lead this court to conclude that defense counsel committed serious errors in light of prevailing professional norms and that there is a reasonable probability that the outcome would have been different had those errors not occurred. Strickland, 466 U.S. at 694 (internal quotation omitted). Each of Mr. Alvarez's allegations will be discussed in turn.

*1. Weight of Sentencing Guidelines*

Any objection to the court's statement that it would give substantial weight to the

sentencing guidelines would have been futile.  Although <u>United States v. Booker</u>, 543 U.S. 220 (2005), declared the sentencing guidelines advisory rather than mandatory, it is still proper to give considerable weight to the sentencing range established by the guidelines.  For this reason, the Tenth Circuit has held that a sentence imposed within the properly calculated guideline range is entitled to a presumption of reasonableness.  <u>United States v. Kristl</u>, 437 F.3d 1050, 1054 (10th Cir. 2006); <u>see also</u> <u>United States v. Salome-Gonzalez</u>, No. 05-4207 (10th Cir. April 7, 2006) ("Plainly, the district court must consider the guidelines sentence . . . .").

      This court was well aware of the advisory nature of the sentencing guidelines at the time it sentenced Mr. Alvarez.  The fact the court gave substantial weight to those guidelines when making its sentencing determination did not render the guidelines mandatory.  Therefore, the court concludes that defense counsel did not commit error by failing to object to the court's consideration of the sentencing guidelines.

*2. Post-Arrest Indictment*

      Although not entirely clear, Mr. Alvarez's reference to the "post-arrest indictment," appears to be an allegation that his counsel should have objected to the length of time that passed between his initial arrest by Ogden City Police officers and the time the United States named Mr. Alvarez in the criminal indictment at issue here.  Mr. Alvarez was arrested on December 31, 2004, on an outstanding state warrant.  Immigration and Customs Enforcement ("ICE") started an investigation on January 3, 2005 and Mr. Alvarez was charged with illegal reentry on July 27, 2005.  In his motion, Mr. Alvarez alleges that he "was held illegally for six[] months with no charges." (Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence 6.)  But the record reflects that Mr. Alvarez was not arrested on the present charge until August 3, 2005.  Before that time, Mr. Alvarez was in state custody serving a term of confinement imposed on a

state matter. Mr. Alvarez was released from state custody after serving that term and was then arrested after being charged with illegal reentry.

The court can discern no meritorious objection that Mr. Alvarez's counsel could have raised in relation to the timing of Mr. Alvarez's arrest on the state matter and the duration of ICE's investigation into Mr. Alvarez's immigration status. The record indicates that Mr. Alvarez's "illegal" detention related to a state matter, not the illegal reentry allegation. Contrary to the implication made in his motion, Mr. Alvarez was not held without charges while ICE conducted its investigation. The court concludes that defense counsel did not error by failing to object to the length of time between Mr. Alvarez's initial arrest and the time he was named in the indictment. Further, the court notes that the record contains no indication that Mr. Alvarez was held by law enforcement illegally.

*3. Presentence Report*

Finally, Mr. Alvarez claims that his attorney should have objected to the Presentence Report because the report "did not include[] any information relevant to section 3553(a)." (Id. at 8.) The court has reviewed the Presentence Report and concludes that it provided valuable information relating to the sentencing factors identified in 18 U.S.C. § 3553(a). Among other things, the Presentence Report discussed the nature of the charged offense and detailed Mr. Alvarez's criminal and family background. Quite simply, any objection raised to the Presentence Report on the ground identified by Mr. Alvarez would have been futile and therefore defense counsel committed no error by failing to raise such an objection.

**CONCLUSION**

Mr. Alvarez has failed to persuade the court that defense counsel committed serious errors in light of prevailing professional norms and that there is a reasonable probability that the

outcome would have been different had those errors not occurred. Strickland, 466 U.S. at 694 (internal quotation omitted). For the reasons stated above, Petitioner's motion is DENIED.

DATED this 11th day of April, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge